## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE I**, *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 25-1261** |
| **STARBUCKS CORPORATION,** | |
| **Defendant.** | |

### MEMORANDUM OPINION AND ORDER

In this putative class-action lawsuit against Starbucks Corporation, eight Plaintiffs allege that they were "trafficked" and "forced to work on Starbucks-controlled coffee plantations in Brazil" under "slavery-like conditions." ECF No. 1 (Compl.), ¶ 5 (quotation marks omitted). Plaintiffs, who have since been rescued from those plantations, claim that Defendant violated the Trafficking Victims Protection Reauthorization Act, id., ¶¶ 138–76, aided and abetted another entity's violation of the TVPRA and other laws prohibiting trafficked and forced labor, id., ¶¶ 177–90, unjustly enriched itself, id., ¶¶ 191–95, negligently supervised its agents, id., ¶¶ 196–200, and intentionally inflicted emotional distress. Id., ¶¶ 201–04. Fearing "violent retaliation" in Brazil if their identities are made public, Plaintiffs have filed a Motion to Proceed Under Pseudonyms. See ECF No. 2 (Mot.) at 2–3. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I.    Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR

5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of

litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial

proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found.

v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed

pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such

secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its

own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must

"'balance the litigant's legitimate interest in anonymity against countervailing interests in full

disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed

Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II.    Analysis

At this early stage, Plaintiffs have met their burden to show that their privacy and safety

interests outweigh the public's presumptive and substantial interest in learning their identities.

2

The first factor weighs in favor of permitting Plaintiffs to proceed under pseudonyms. They seek to do so not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in origsinal). The Complaint reveals "intimate or sensitive personal information" about Plaintiffs of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, bodily autonomy, [and] medical concerns." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). The Complaint notes the "serious injur[ies]" and "trauma" suffered by Plaintiffs, see Compl., ¶¶ 116, 124, 131, 137, 203, including "search[ing] for privacy to relieve themselves"; "attack by venomous animals"; "poor posture"; and "development of musculoskeletal problems due to intense physical effort." See, e.g., id., ¶¶ 115, 120.

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiffs and to "innocent non-parties," moreover, strongly favors granting the Motion. See In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97). Plaintiffs fear "violent retaliation" against them and their family members "from the most powerful forces in their communities, including the [illegal labor brokers] who brazenly trafficked them, the farm owners who enslaved them, and the major players in the coffee sector who depend upon trafficked and forced labor to enhance their profits." Mot. at 6. Plaintiffs provide examples to support the possibility of retaliation. Those examples include threats against an organization reporting on forced labor in the Brazilian coffee industry, see Compl., ¶ 121, as well as their own experiences with retaliation from coffee producers. Id., ¶¶ 114, 118–19. Plaintiffs allege, moreover, that they are vulnerable individuals who could not avoid or escape from their

3

enslavement.  Id., ¶ 160.  Their counsel also attests to the "very high" "risk of retaliation"

Plaintiffs face if they are revealed to be "expos[ing] the criminal elements of the coffee industry"

through this lawsuit.  See ECF No. 2-2 (Terrence P. Collingsworth Decl.), ¶ 4.  To be sure, it is

possible that "[d]iscovery [will] render [their] concerns unsupported and unwarranted."  Doe v.

Fed. Rep. of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023).  At this juncture, however, the Court

finds that the allegations in the Complaint and Motion, along with the affidavit from Plaintiffs'

counsel, are sufficient to establish that revealing their names and addresses publicly in

connection with this litigation carries a risk of physical and mental harm.  The second factor thus

weighs heavily in favor of allowing Plaintiffs to proceed pseudonymously.

The third factor also cuts this way.  One Plaintiff is a minor child, see Compl., ¶ 14, and

this factor favors the Motion "to some extent" where "Plaintiffs indicate that one of them is a

minor, and revealing the other Plaintiffs' identities risks undermining the anonymity of that

person."  R.A. v. Islamic Rep. of Iran, No. 23-2606, ECF No. 4 (Order) at 4 (D.D.C. Sept. 12,

2023).  As for the fourth factor, Defendant is a private entity that "presumably [has] concerns

about [its] . . . reputation[]."  Doe 1 v. Geo. Wash. Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019).

The fourth factor therefore counsels against granting the Motion.

The fifth and final factor favors granting Plaintiffs' Motion.  Starbucks would suffer no

unfairness if the Motion were granted because Plaintiffs are willing to disclose their identities

under a protective order "to permit discovery without prejudice to Defendant."  Mot. at 9; In re

Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant

knows plaintiff's identity).  Throughout this litigation, Defendant will remain free to request any

further information it deems necessary to the full and fair defense of the case, and Plaintiffs will

remain free to object.

In sum, although the fourth factor weighs in favor of disclosure, the first, second, third, and fifth tip the scale toward permitting Plaintiffs to proceed under pseudonyms at this early stage.

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file on the public docket:

    i.   A pseudonymous version of their [2] Motion and any attachments as a Notice to the Court; and

    ii.  A sealed declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: April 29, 2025